**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

:
GEISINGER SOUTH WILKES-BARRE :
MEDICAL CENTER and GEISINGER :
CLINIC, :
:
      Plaintiffs, :
: Case No. 3:07-CV-888
      -vs- :
: (Judge Kosik)
:
STEPHEN DUDA and BARBARA :
DUDA, his wife, :
:
      Defendants/ :
      Crossclaim Plaintiffs :
:
      and :
:
AETNA LIFE INSURANCE COMPANY, :
:
      Defendants/ :
      Crossclaim Defendants :

## MEMORANDUM

Before the court are: (1) a motion to dismiss plaintiffs' state law estoppel claim by defendant Aetna Life Insurance Company; and (2) a motion to dismiss the crossclaim of the Duda defendants by Aetna Life Insurance Company. For the reasons which follow, the motions to dismiss will be **GRANTED**.

## Background

Plaintiffs, Geisinger South Wilkes-Barre Medical Center and Geisinger Clinic, filed a complaint in the instant action in the Court of Common Pleas of Luzerne County on April 5, 2007. Named as defendants in the action were Stephen Duda and Barbara Duda, his wife, and Aetna Life Insurance Company ("Aetna"). On May 16, 2007, defendant Aetna Life Insurance Company filed a Notice of Removal to this court. The basis of plaintiffs'

claim is that they provided medical services to Stephen Duda from December 12, 2005 until December 20, 2005.  Plaintiffs allege that defendants, Stephen and Barbara Duda, are obligated to plaintiff, Geisinger South Wilkes-Barre Medical Center the amount of sixty-two thousand, two hundred, seventy-four dollars and fifty-three cents ($62,274.53) under an implied contract for the services and treatment rendered to Stephen Duda.  Plaintiffs allege that defendants Stephen and Barbara Duda are obligated to pay plaintiff, Geisinger Clinic, the amount of twenty-six thousand, seven hundred, five dollars ($26,705.00) for medical services and treatment rendered to defendant Stephen Duda under an implied contract.  Plaintiffs allege that defendant Aetna authorized treatment of plaintiff, Stephen Duda, prior to treatment and subsequently denied coverage raising a question of estoppel.  Defendant Aetna removed the instant action on the basis that plaintiffs' claims arise under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq*. ("ERISA") and the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended, 29 U.S.C. §1161, *et seq*. ("COBRA").

On May 23, 2007, defendant Aetna filed a motion to dismiss all claims asserted against Aetna in plaintiffs' complaint.  A memorandum of law in support of the motion was filed on June 7, 2007.  On June 22, 2007, plaintiffs filed a memorandum of law in opposition to defendant Aetna's motion.  On July 9, 2007, defendant Aetna filed a reply brief.  On September 27, 2007, defendants, Stephen Duda and Barbara Duda, filed an answer to the complaint raising a crossclaim against defendant Aetna.  On October 16, 2007, defendant Aetna filed a motion to dismiss the crossclaim of the Duda defendants.  A brief in support of the motion was filed on October 30, 2007.  A brief in opposition to the motion was filed on November 21, 2007.  A reply brief was filed by defendant Aetna on December 6, 2007.[1]

---

[1] We note that attached to defendant Aetna's motions to dismiss are plan documents.  No objections to the attached documents were made by the other parties and the documents were referred to by both original plaintiffs and crossclaim plaintiffs.

**Discussion**

In their brief in support of the motion to dismiss, defendant Aetna argues that plaintiffs' attempt to assert a state law claim for estoppel against Aetna for Aetna's failure to pay for medical services rendered to defendant Stephen Duda, an alleged former member of Aetna, is governed by ERISA.  Defendant Aetna argues that plaintiffs are seeking payment for medical services allegedly covered by an employee welfare benefit health plan, where the health plan benefits were denied, and that plaintiffs' state law estoppel claim is preempted by ERISA.

In arguing that plaintiffs' claims against defendant Aetna are preempted by ERISA, Aetna points to Section 502(a) of ERISA, 29 U.S.C. §1132(a), which provides that a participant or plan beneficiary may sue to recover benefits, to enforce rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.  In addressing §1132(a), case law has held that health care providers who have been assigned the right to receive claims under an ERISA welfare benefit plan are considered "beneficiaries" under §1132(a)(1). Defendant Aetna asserts that defendant Duda assigned his rights to the instant plaintiffs[2], and as such, the plaintiffs are beneficiaries under §1132(a).  _Charter Fairmount Institute, Inc. v. Alta Health Strategies_, 835 F.Supp. 233 (E.D.Pa. 1993) and cases cited therein.

Defendant Aetna argues that plaintiffs' estoppel claim, which arises out of a question of whether plaintiffs' services were covered under the terms of defendant Duda's employee welfare benefit plan and whether defendant Aetna is obligated to pay for those services, is preempted by ERISA.  Specifically, defendant Aetna argues that plaintiffs'

---

Thus, we will consider the plan documents in addressing the Aetna defendant's motions to dismiss.  _See Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc._, 998 F.2d 1192, 1196 (3d Cir. 1993).

[2]Defendant Aetna points to paragraph 7 of plaintiffs' complaint (Document 3, Exhibit "A" and Document 3, Exhibit "E") to establish that defendant Duda assigned his rights to plaintiffs.

claims are preempted under Section 514 of ERISA, 29 U.S.C. §1144(a) which provides that except for certain exclusions, the provisions of this subchapter ". . . shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan . . .". Defendant Aetna argues that plaintiffs' estoppel claim "relates to" an employee benefit plan and is barred by the broad preemption provision set forth in §514(a).[3]

In opposition to the motion to dismiss, plaintiffs argue that their state claim for estoppel is not completely preempted and that defendant Aetna's motion to dismiss should be denied and the case remanded to state court. First, plaintiffs argue that they do not have standing to sue under ERISA because they are not "a participant or beneficiary." Further, plaintiffs challenge defendant Aetna's representation that plaintiffs are beneficiaries under ERISA because of an assignment from defendant Duda. Plaintiffs assert that defendant Aetna has failed to meet its burden of establishing the existence of an assignment, that the instant case involves a simple state estoppel claim, and that the claim should be remanded to the state court. Plaintiffs also argue that the instant claim is too tenuous, remote or peripheral from the employee benefit plan in question and is therefore not preempted. Plaintiffs cite *Memorial Hospital System v. Northbrook Life Insurance Co.*, 904 F.2d 236 (5th Cir. 1990).

In its reply brief, defendant Aetna first addresses plaintiffs' reliance on *Memorial Hospital System*, arguing that the ERISA analysis concerned a claim for unfair and deceptive insurance practices under Article 21.21 of the Texas Insurance Code that allows a cause of action against an insurance carrier for false representation of coverage by its agents. As to the estoppel claim, defendant Aetna points out that the Fifth Circuit Court of Appeals found that the estoppel claim should be preempted as relating to an ERISA plan. Defendant Aetna next addresses plaintiffs' standing arguments. Specifically,

---

[3] Defendant Aetna also raises an argument regarding exhaustion of administrative remedies. We will not address this argument.

4

defendant Aetna argues that plaintiffs do have standing to sue under §502 of ERISA by virtue of an assignment from a participant or beneficiary. Defendant Aetna argues that the Plan documents which state that "this Plan has the right to pay any health benefits to the service provider. This will be done unless you have told Aetna otherwise by the time you file the claim," provides the medical provider with third-party beneficiary status to sue under ERISA. In addition, defendant Aetna refers to attached "Health Insurance Claim Form" documents which make reference to assignments to the health care provider.

We agree with the numerous cases cited by defendant Aetna in their briefs which have held that a state common law action for estoppel, such as that asserted by plaintiffs, is preempted. While plaintiffs argue that they lack standing to pursue an ERISA claim, we disagree. While it is true that under 29 U.S.C.A. §1132(a), only "participants" and "beneficiaries" have standing to bring a lawsuit, we find that the plaintiff health care providers are assignees under the instant plan, and as such are beneficiaries under §1132(a). *Charter Fairmount Institute, Inc. v. Alta Health Strategies*, 835 F.Supp. 233 (E.D.Pa. 1993).

We find that plaintiffs' state law estoppel claim is preempted by §514(a) of ERISA. ERISA's preemption provision, which is found at 29 U.S.C.A. §1144(a) provides that the provisions of that subchapter shall "supersede any and all state claims insofar as they may now or hereafter <u>relate to</u> any employee benefit plan . . ." (emphasis added). The Supreme Court has repeatedly noted that the language of §514(a), ERISA's preemption clause, is conspicuous for its breadth. *Ingersoll Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990); *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41 (1987). As the Court emphasized in *Pilot Life Insurance Co.*, 481 U.S. at 47, "the phrase 'relate to' [is to be] given its broadest common sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'"

Based upon the court's consideration of the estoppel claim set forth in plaintiffs' complaint, as well as the arguments and controlling legal principles set forth by the parties in their respective briefs, we find that plaintiffs' state common law claim for estoppel is preempted by ERISA.  Accordingly, we will grant defendant Aetna's motion to dismiss.

As noted above, following the filing of defendant Aetna's motion to dismiss, the Duda defendants filed a crossclaim against the Aetna defendant. In the crossclaim filed by the Duda defendants, the Duda defendants raise an estoppel claim against defendant Aetna.  The Duda defendants also raise a claim of intentional infliction of emotional distress and damage to credit and reputation.  Crossclaim defendant Aetna filed a motion to dismiss the crossclaim of the Duda defendants.  The parties have briefed the motion and the matter is now ripe for disposition.

In support of the motion to dismiss the crossclaim, defendant Aetna argues that the crossclaim against Aetna attempts to assert a state law claim based on an alleged denial of benefits claimed to be owed pursuant to an employee welfare benefit plan that is governed and preempted by ERISA.  Specifically, Aetna argues that under §502 of ERISA, 29 U.S.C. §1132(a) and §514 of ERISA, 29 U.S.C. §1144(a), crossclaim plaintiffs' state law claims to recover benefits are preempted by ERISA.

In their memorandum of law in opposition to the motion to dismiss the crossclaim, crossclaim plaintiffs argue that ERISA does not preempt a common law contract claim citing _Barber v. Unum Life Ins. Co._, 383 F.3d 134, 141 (3d Cir. 2004).  In _Barber_, the Court of Appeals for the Third Circuit held that plaintiff's bad faith claim under 42 Pa.C.S.A. §8371 was subject to dismissal under ERISA preemption. In _Barber_, an employee whose long term disability benefits were terminated asserted state law claims including breach of contract and bad faith against the insurer who terminated the benefits.  The Court concluded that Pennsylvania's bad faith statute is preempted "because it is a state remedy that allows an ERISA-plan participant to recover punitive damages for bad faith conduct

by insurers, supplementing the scope of relief granted by ERISA . . ." *Barber* at 140-41. The court further found that Pennsylvania's bad faith statute did not fall within the meaning of ERISA's saving clause and thus was preempted by ERISA.

As we indicated in our earlier analysis, ERISA preemption is to be viewed broadly. This preemption has been found to extend to common law contract claims, as well as tort claims. *Pilot Life Insurance Co. v. Dedeaux*, *supra*.; *Pane v. RCA Corp.* 868 F.2d 631, 635 (3d Cir. 1989); *Shatzer v. Connecticut General Life Insurance Co.*, 2007 WL 1227693 (M.D.Pa., April 25, 2007). We find that crossclaim plaintiffs' state law claims are based on a welfare benefit plan subject to ERISA. Thus, ERISA preempts counterclaim plaintiffs' breach of contract, estoppel and tort claims. Crossclaim defendant Aetna's motion to dismiss will be granted.

Having determined that plaintiffs' and crossclaim plaintiffs' state court claims are preempted by ERISA, we will dismiss defendant/crossclaim defendant Aetna from the instant action without prejudice to the plaintiffs and crossclaim plaintiffs filing an amended complaint raising ERISA claims within twenty(20) days from the date of this Order. We will retain jurisdiction of the plaintiffs' implied contract claims against the Duda defendants. An appropriate Order will be entered.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

_____

GEISINGER SOUTH WILKES-BARRE
MEDICAL CENTER and GEISINGER
CLINIC,

      Plaintiffs,

      -vs-

STEPHEN DUDA and BARBARA
DUDA, his wife,

      Defendants/
      Crossclaim Plaintiffs

      and

AETNA LIFE INSURANCE COMPANY,

      Defendants/
      Crossclaim Defendants
_____

Case No. 3:07-CV-888

(Judge Kosik)

## ORDER

NOW, THIS 31st DAY OF MARCH, 2008, IT IS HEREBY ORDERED THAT:

(1) Defendant Aetna's motion to dismiss all claims against Aetna asserted in plaintiffs' complaint (Document 2) is **GRANTED;**

(2) Crossclaim defendant Aetna's motion to dismiss the crossclaim of the Duda defendants (Document 10) is **GRANTED;**

(3) Defendant and crossclaim defendant Aetna is dismissed from this action without prejudice to plaintiffs and crossclaim plaintiffs to file an amended complaint raising ERISA claims within twenty (20) days from the date of this Order.

                                        *s/Edwin M. Kosik*
                                        United States District Judge